IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv404
(3:06cr185)

| | |
|---|---|
| HANK AARON JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| v ) | ORDER |
| ) | |
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on Petitioner's request for an extension of time to file a motion under 28 U.S.C. § 2255 (Case No. 3:06cr185, Doc. No. 45) and his motion pursuant to § 2255 (Doc. No. 1).

The Fourth Circuit dismissed Petitioner's direct appeal on September 16, 2008. (Case No. 3:06cr185, Doc. No. 40: Judgment). The instant motion was post-marked September 16, 2009 and filed before his request for an extension had been resolved. Because it merely lists four grounds with no supporting facts and recites that an affidavit will follow, the Court presumes Petitioner filed the incomplete motion under the misunderstanding that the limitations period was about to expire.[1]

---

[1] According to 28 U.S.C. §2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

"[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). Because Petitioner did not file a petition for certiorari, his conviction became final 90 days after the Fourth Circuit issued its judgment. Id. Therefore, Petitioner has until December 15, 2009, to file a complete motion to vacate pursuant to § 2255.[2]

**IT IS, THEREFORE, ORDERED** that Petitioner's motion under § 2255 (Doc. No. 1) is **DISMISSED without prejudice** to file a complete motion on or before December 15, 2009. The Clerk is directed to send Petitioner a copy of the standard § 2255 motion form.

---

    governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[2] Pursuant to Rule 2(b) of the Rules Governing Section 2255 Proceedings, such motion must:

    (1) specify all the grounds for relief available to the moving party;

    (2) state the facts supporting each ground;

    (3) state the relief requested;

    (4) be printed, typewritten, or legibly handwritten; and

    (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.

**IT IS FURTHER ORDERED** that Petitioner's request to extended the deadline to file a § 2255 motion (Case No. 3:06cr185, Doc. No. 45) is **DENIED as moot**.

Signed: September 21, 2009

Robert J. Conrad, Jr.
Chief United States District Judge